## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

ARTURO ANAYA,

      Petitioner,

v.                                                                    Civ No. 20-328 WJ/GJF

FNU LNU, and ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

      Respondents.

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on Arturo Anaya's amended 28 U.S.C. § 2254 habeas

corpus petition [ECF 7] [Petition].  Anaya argues, inter alia, there was insufficient evidence to

support his 2013 state murder convictions.  Having reviewed the matter under Habeas Corpus Rule

4, the Court will require Anaya to show cause why his Petition should not be dismissed for failure

to file within the one-year limitation period.

### I.  Procedural Background[1]

In 2013, a jury convicted Anaya of two counts of first-degree murder, aggravated battery,

and intimidation of a witness.  [ECF 1 at 1].  The state court sentenced him to 66 years

imprisonment.  *Id.*  Judgment on the conviction and sentence was entered June 17, 2013.  *Id.*

Anaya filed a direct, capital appeal to the New Mexico Supreme Court (NMSC).  *Id.* at 2.  By a

decision issued May 4, 2015, the NMSC affirmed his convictions and sentence.  *Id.*  The state

dockets reflect he did not file a certiorari petition with the United States Supreme Court.  *See*

Docket Sheets in D-101-CR-2012-119 and S-1-SC-34279.  Anaya instead filed a state habeas

---

[1] To better interpret the citations in the Petition, the Court took judicial notice of Anaya's state court criminal dockets, Case No. D-101-CR-2012-119 and S-1-SC-34279.  *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

petition on June 5, 2015.  *See* RPN: Habeas Petition in D-101-CR-2012-00119.  The state court

dismissed the petition on September 18, 2015, finding Anaya's argument was identical to the issue

raised on direct appeal.  *See* Order of Dismissal in D-101-CR-2012-00119.  Anaya did not appeal

that ruling.  His conviction and sentence therefore became final no later than October 20, 2015

(*i.e.,* the first business day following expiration of the 30-day appeal period).  *See Locke v. Saffle*,

237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final

upon the expiration of the appeal period); NMRA, Rule 12-201 (providing that a notice of appeal

must be filed within 30 days after entry of the adverse order).

Over two years passed with no tolling activity.  *See* Docket Sheet in D-101-CR-2012-

00119.  On November 11, 2017, Anaya filed a second state habeas petition.  [ECF 1 at 3].  The

state court again dismissed the claims on May 25, 2018.  *See* CLS: Order of Dismissal in D-101-

CR-2012-00119.  Anaya filed his third state habeas petition on May 16, 2019, and he continues to

challenge his conviction in that forum.  *See* Docket Sheet in D-101-CR-2012-00119.

On April 10, 2020, Anaya filed the federal § 2254 Petition.  He argues the evidence was

insufficient to support his convictions, a witness lied, and he is not liable for murder due to an

"intervening efficient cause."  [ECF 1 at 13-14].  Anaya paid the $5 habeas filing fee, and the

matter is ready for initial review.

## II.  Timeliness of the § 2254 Petition

Petitions for a writ of habeas corpus by a person in state custody must generally be filed

within one year after the defendant's conviction becomes final.  28 U.S.C. § 2244(d)(1)(A).  The

one-year limitation period can be extended:

> (1) While a state habeas petition is pending, § 2244(d)(2);
>
> (2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

In this case, the limitation period began to run no later than October 20, 2015, when the conviction became final. *See Locke*, 237 F.3d at 1271-1273. There was no discernable tolling activity during the next year, and the one-year period expired on October 20, 2016. Any state habeas petitions filed after that date did not - as Anaya may believe - restart the clock or otherwise impact the expired limitations period. *See Fisher v. Gibson,* 262 F.3d 1135, 1142-1143 (10th Cir. 2001). Accordingly, Anaya must show cause why the Petition filed April 10, 2020 is not time-barred. The failure to timely respond or overcome the time-bar will result in dismissal of the habeas action without further notice. *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar … may be may be raised by a court *sua sponte*… [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.")

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Anaya must file a response showing cause, if any, why his § 2254 habeas petition should not be dismissed as untimely.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

3