IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARTURO ANAYA,

    Petitioner,

v.                                                                                                              No. 20-cv-328 WJ/GJF

FNU LNU, *Warden,*
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Arturo Anaya's Amended 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. 7) (Petition). Also before the Court are his motions to appoint counsel (Docs. 8, 16). Anaya challenges his state murder convictions based on, inter alia, ineffective assistance of counsel. The Court previously directed him to show cause why his § 2254 Petition should not be dismissed as untimely. Because Anaya has not established grounds for tolling, and the Court will deny the motions and dismiss the Petition.

### BACKGROUND

The background facts are taken from the Petition (Doc. 7) and the state court docket in Anaya's criminal cases, Case Nos. D-101-CR-2012-119 and S-1-SC-34279. The state criminal filings are subject to judicial notice. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand"); *Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

In 2012, Anaya shot and killed two neighbors following a dispute about rental payments. *See* Decision in S-1-SC-34279. A jury convicted him of two counts of first-degree murder, aggravated battery, and intimidation of a witness. (Doc. 7 at 1). The state court sentenced him to 66 years imprisonment. *Id.* Judgment on the conviction and sentence was entered June 17, 2013. *Id.* Anaya filed a direct, capital appeal to the New Mexico Supreme Court (NMSC). *Id.* at 2. By a decision issued May 4, 2015, the NMSC affirmed his convictions and sentence. *Id.* The state dockets reflect he did not file a certiorari petition with the United States Supreme Court. *See* Docket Sheets in D-101-CR-2012-119 and S-1-SC-34279. Anaya instead filed a state habeas petition on June 5, 2015. *See* RPN: Habeas Petition in D-101-CR-2012-00119. The state court dismissed the petition on September 18, 2015, finding Anaya's argument was identical to the issue raised on direct appeal. *See* Order of Dismissal in D-101-CR-2012-00119. Anaya did not appeal that habeas ruling. His conviction and sentence therefore became final no later than October 20, 2015, the first business day following expiration of the 30-day state appeal period. *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final upon the expiration of the state appeal period); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the adverse order).

Over two years passed with no tolling activity. *See* Docket Sheet in D-101-CR-2012-00119. On November 11, 2017, Anaya filed a second state habeas petition. (Doc. 7 at 3). The state court again dismissed the claims on May 25, 2018. *See* CLS: Order of Dismissal in D-101-CR-2012-119. Anaya filed his third state habeas petition on May 16, 2019, and he continues to challenge his conviction in that forum. *See* Docket Sheet in D-101-CR-2012-119.

On April 10, 2020, Anaya filed a federal Motion to Reverse Convictions (Doc. 1), which generated the instant § 2254 proceeding. He amended his petition to argue the evidence was

insufficient to support his convictions, a witness lied, and he is not liable for murder due to an "intervening efficient cause." (Doc. 7 at 13-14). By an Order entered August 17, 2020, the Court screened the Petition under Habeas Corpus Rule 4 and determined it was plainly time-barred. (Doc. 8); *see also Day v. McDonough,* 547 U.S. 198, 209 (2006) (As part of the initial review process, "district courts are permitted … to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). The Order directed Anaya to show cause why the case should not be dismissed. Anaya timely filed a show-cause response, and the matter is ready for review.

## DISCUSSION

Section 2254 petitions must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1)     While a state habeas petition is pending, § 2244(d)(2);

(2)     Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)     Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)     Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Because the limitation period is not jurisdictional, it may also be extended through equitable tolling. *See Clay v. United States*, 537 U.S. 522, 524 (2003).

Here, the one-year period began running on October 20, 2015, when the criminal conviction became final. *See Locke*, 237 F.3d at 1271-1273. There was no case activity during the next year, and the limitation period expired on October 20, 2016. Any state habeas motions

filed after that date did not - as Anaya appears to believe - impact the expired limitations period. *See Gunderson v. Abbott,* 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Clark v. Oklahoma,* 468 F.3d 711, 714 (10th Cir. 2006) (same). The 2020 federal habeas proceeding is therefore time-barred, absent grounds for tolling.

The Court explained the above principles in its Order to Show Cause, which set out the state court timeline along with the legal standards for statutory and equitable tolling. (Doc. 14). Anaya does not dispute the timeline. Instead, he seeks equitable tolling based on various transgressions by prison staff. (Doc. 15 at 1-3). Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances." *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). The inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition. *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998).

Anaya's show-cause response does not satisfy this standard. He first argues that counsel filed his direct appeal, and "if no cert. was filed, it was because I was under duress daily." (Doc. 15 at 1). There are no additional details regarding the duress, nor does Anaya directly accuse his attorney of any wrongdoing. To the extent Anaya seeks tolling based on ineffective assistance of counsel, no relief is available. Equitable tolling is only available where an attorney's actions are "[p]articularly egregious, … such as repeated, deceitful assurances that a habeas petition would soon be filed." *Trujillo v. Tapia*, 359 Fed. App'x 952, 955 (10th Cir. 2010) (citing *Fleming v. Evans*, 481 F.3d 1249, 1255-56 (10th Cir. 2007)). *See also Montoya v. Milyard,* 342 F. App'x

430, 432 (10th Cir. 2009) (tolling is available where an attorney "affirmatively misled his client"). Anaya has not alleged counsel misled him in any way. His show-cause arguments pertaining to counsel and his unspecified duress cannot save the untimely petition.

The response also briefly touches on a misfiled document from 2015, stating " I ended up doing a writ myself, after [the state habeas petition] was dismissed on Sept. 18, 2015. Then, I petition for writ of cert of July 9, 2015. Whatever the reason, it not being filed on time is anybody's guess. I was probably under duress conditions again." (Doc. 15 at 1). This explanation is devoid of "specific facts to support [Anaya's] claim of extraordinary circumstances." *Yang,* 525 F.3d 928. The timeline is inconsistent, and it is unclear whether some state or federal certiorari petition was misfiled, or whether Anaya was unable to file his petition due to duress. His arguments regarding any misplaced filing therefore fail.

Next, Anaya seeks tolling because the prison is allegedly run by "incompetent staff," and "all hell broke loose" when GEO Group. Inc. was running the prison under the supervision of former Governor Susana Martinez. (Doc. 7 at 10; Doc. 15 at 1-2). Anaya does not tie these allegations to any specific timeframe, but he does give examples of the alleged wrongdoing. He contends: (1) he had to send his New Mexico rulebook home; (2) the prison did not offer free envelopes or writing paper; (3) he did not have an attorney and could not try to call one; and (4) he could not "come and go to do what need[ed] to be done." (Doc. 7 at 10; Doc. 15 at 2-3). As with Anaya's other allegations, these facts fail to describe what "specific steps [he took] to diligently pursue his federal petition" by October 20, 2016. *Miller,* 141 F.3d at 978. Moreover, the individual hardships Anaya describes are not extraordinary for state prison. *See Trimble v. Hansen*, 764 Fed. App'x 721, 724 (10th Cir.), *cert. denied*, 140 S. Ct. 283 (2019) ("any invocation of equity to relieve the strict application of [the habeas] statute of limitations must be guarded and

infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes"). Many inmates lack counsel and knowledge of federal habeas requirements, but "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse" an untimely filing. *See Marsh v. Soares*, 223 F.3d 1217, 1229 (10th Cir. 2000). To the extent Anaya lacked free mailing materials, he does not allege that barred him from accessing the courts, and his financial statement (Doc. 6) and filing practices demonstrate he can file pleadings when he wishes.

Finally, Anaya complains that the Federal Court failed to mail him a copy of *Marsh v. Soares*, which addresses equitable tolling, and suggests the legal standard is too exacting. He states: "[Y]ou people are killing me with your legal demands. Let's just stick to the fundamentals of law on [the] excusable neglect doctrine." (Doc. 15 at 2). Beyond setting out the standard for equitable tolling in the Order to Show, the Court has no duty to mail copies of legal opinions to inmate-litigants. Moreover, the Court did not establish the standards for federal habeas relief. Congress imposed a statute of limitations on § 2254 claims to promote the finality of criminal judgments, and the United States Supreme Court developed the standard for equitable tolling. *See, e.g., Holland v. Florida*, 560 U.S. 631, 635, 638 (2010) (describing the limitations on trial courts in applying the equitable tolling standard). Anaya cannot overcome the time-bar by arguing the Court failed to provide research materials or applied a harsh standard.

For these reasons, the Court concludes Anaya's show-cause response (Doc. 15) does not establish grounds for tolling. The one-year limitation period expired on October 20, 2016, and the 2020 federal habeas proceeding is time-barred. The Court will dismiss the Petition (Doc. 7) with prejudice and deny Anaya's requests for counsel (Docs. 8, 16) as moot. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the time-bar is not reasonably

debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that the Motions to Appoint Counsel (**Docs. 8, 16**) are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner Arturo Anaya's Amended 28 U.S.C. § 2254 Habeas Corpus Petition (**Doc. 7**) is **DISMISSED with prejudice**; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil case.

**SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE